Erik S. Ericksen, Utah Bar No. 9626
Jed H. Hansen, Utah Bar No. 10679
Eric E. Westerberg, Utah Bar No. 12712
**THORPE NORTH & WESTERN, LLP**
8180 South 700 East, Suite 350
Sandy, Utah 84070
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

*Attorneys for Plaintiff, Turbo Style Products, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DISTRICT

| | |
|---|---|
| TURBO STYLE PRODUCTS, LLC, a Utah limited liability company,<br><br>        Plaintiff<br>    v.<br><br>DOMAINS BY PROXY, LLC., a Delaware limited liability company; JOHN DOES 1-5; JOHN DOE 1 dba EYELASHES4CARS.COM; and JOHN DOE 2 dba LASHESFORCARS.COM<br><br>        Defendants. | Case No.: 2:14-cv-00912<br><br>**COMPLAINT<br>WITH JURY DEMAND**<br><br>Judge:  Brooke C. Wells |

Plaintiff  Turbo Style Products, LLC ("Turbo Style") by and through its counsel hereby files this Complaint with Jury Demand against Defendants Domains By Proxy, LLC, John Does 1-5, John Doe 1 doing business as Eyelashes4cars.com, and John Doe 2 doing business as Lashesforcars.com (collectively "Defendants").

# COMPLAINT

Plaintiff complains and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Turbo Style, LLC is a Utah limited liability company having a principal place of business at 2402 Lake View Court, Park City, Utah 84060.

2. Upon information and belief, Defendant Domains by Proxy, LLC ("Domains by Proxy") became the registrant of the domain lashes4cars.com on or about November 12, 2012 and the domain name lashesforcars.com on or about September 19, 2012.  Domains by Proxy is a Delaware limited liability company having a principal place of business in Scottsdale, Arizona.

3. Plaintiff does not know the true names or legal capacities of the Defendants sued herein as John Does 1 - 5, inclusive, and therefore sues these Defendants by fictitious names. However, upon information and belief John Doe 1 is doing business as eyelashes4cars.com at an address of 14910 Perris Blvd. Suite B #105, Moreno Valley, California 92553 and John Doe 2 is doing business as lashesforcars.com at an addresses of 2885 Sanford Ave. SW #26979, Grandville, MI  49418.  Upon information and belief, John Doe 1 and John Doe 2 cooperate in performing the unlawful acts complained of herein.

4. Plaintiff brings this action under U.S. patent laws, 35 U.S.C. §§ 1 *et seq.*, 15 U.S.C. §§ 1051, *et seq.* and under various other Utah state law and common law provisions.

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

6. This Court has supplemental jurisdiction over any state law statutory and common law claims pursuant to 28 U.S.C. § 1367.

7. Upon information and belief, this Court has specific personal jurisdiction over Doe Defendants as they have purposefully directed their unlawful activities toward the state of Utah, including the promotion of Accused Products in the state of Utah, sales of the Accused Products in the state of Utah, and shipment of the Accused Products in the state of Utah.  The

Accused Products are directly at issue in this Complaint.  As such, their contacts with this state are sufficient in quantity and quality to meet the test of constitutional due process.

8. Upon information and belief, this Court has general personal jurisdiction over Defendant Domains by Proxy as it is doing business in Utah and its contacts with Utah are substantial, continuous, and systematic.  Moreover, this action is based upon activities that arise out of, or are related to, certain of those contacts.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Defendants conduct business directly related to the patents at issue in this case, thereby harming Plaintiff in this judicial district.

## GENERAL ALLEGATIONS
### PLAINTIFF'S PRODUCTS AND INTELLECTUAL PROPERTY

10. Turbo Style in the business of inventing, developing, manufacturing, distributing, and selling various automobile accessories as well as other products.

11. Turbo Style is the owner of two design patents designated as United States Design Patent Nos. D672,917 and D675,776 (collectively the "Turbo Style Patents") and attached hereto as Exhibit A.  The Turbo Style Patents claim the design of a car headlight accessory product that approximates the shape of an eye lash when placed on the headlight of a car.  The design claimed by the Turbo Style Patents is illustrated, in part, below.




3

12. Turbo Style manufactures, markets, and sells throughout the United States automobile accessory products, including products that approximate the shape of eyelashes and that are sold under the CARLASHES mark (the "CARLASHES Products"). Through the extensive sale, marketing, and distribution of the CARLASHES Products, the design and trade dress of the CARLASHES Products has become distinctive and consumers associate the design and trade dress with Turbo Style. Examples of the CARLASHES Products are illustrated below.

 

**DEFENDANT'S MISCONDUCT**

13. Upon information and belief, Doe Defendant 1 owns, maintains, and controls a website at the URL www.eyelashes4cars.com (the "D1 Website").

14. Doe Defendant 1 actively markets and sells the Accused Products, among other channels, through the D1 Website.

15. Upon information and belief, Doe Defendant 2 owns, maintains, and controls a website at the URL www.lashesforcars.com (the "D2 Website").

16. Doe Defendant 2 actively markets and sells its Accused Products, among other channels, through the D2 Website in the United States.

4

17. Upon information and belief, Doe Defendant 1 and Doe Defendant 2 cooperate in the marketing and sale of the Accused Products in the United States. For example, upon information and belief, a consumer who purchases products through the D1 website may receive products from Doe Defendant 1 and/or Doe Defendant 2 depending on the products that are ordered Doe Defendant 1.

18. The D1 and D2 websites are both registered with Defendant Domains by Proxy.

19. Defendant Domains by Proxy is a for profit corporation that offers privacy services to domain name registrants.

20. When a domain registrant engages Domains by Proxy's privacy services, the registrant transfers his or her domain name to Domains by Proxy, so that Domains by Proxy actually becomes the registrant of the domain name, including renewing the domain name with the relevant domain name registrar. While Domains by Proxy is the legal registrant of the domain name, its unknown customer remains the beneficiary of the domain name, such that the customer controls the content and the website addressed by the domain name held by Domains by Proxy.

21. Because of Domains by Proxy's business model, persons engaged in illegal and unlawful conduct are able to shield their identity from their victims. This has resulted in litigation against Domains by Proxy as they are the only known entity that can be ordered to prevent the transfer of the domain name to a venue outside the jurisdictional reach of the federal court or any court in the United States until the actual identity of their customer is disclosed. Once the identity of the customer is disclosed, that customer is added to the lawsuit as the primary defendant and Domains by Proxy is often times then dismissed, presuming the Plaintiff has acquired all necessary information regarding the customer from Domains by Proxy.

22. Upon information and belief, the Doe Defendants make, use, sell, offer for sale, and/or import into the United States an automobile accessory that infringes the Turbo Style Patents (the "Accused Products"). Shown below are several examples of the Defendants' Accused Products.






23.     Upon information and belief, Doe Defendants have set up a scheme to hide their identity from Turbo Style in an effort to manufacture, use, sale, importing, and offer for sale and distribute the Accused Products without impunity.  Doe Defendants' acts have thus injured, are injuring, and will continue to cause irreparable injury to Turbo Style unless permanently and preliminarily enjoined by this Court.

24.     In November and December of 2012, Plaintiff sent cease and desist letters to an address associated with cutecarlashes.com for the promotion and sale of products similar to the CARLASHES Product.  The address then associated with the domain name cutecarlashes.com was 14910 Perris Blvd, Suite B #105, Moreno Valley, California 92553, the same address as that associated with eyelashes4cars.com operated by Defendant Doe 1.

25.     Upon information and belief, Defendant Doe 1 received the cease and desist letter and made certain changes to its website but continued to market and sell the Accused Products, despite being put on notice of the Turbo Style Patents.

26.     Accordingly, upon information and belief, at least Defendant Doe 1 acted in an objectively reckless manner with respect to Plaintiff's patent rights.  Upon information and belief, Defendant Doe 1 made, used, sold, offered for sale, and/or imported into the United States the Accused Products knowing that it was highly likely that its acts would constitute infringement of a valid patent.  Upon information and belief, Defendant Doe 1 knew or should have known that its actions were highly likely to result in the infringement of a valid patent.  As a consequence, at least Defendant Doe 1 has engaged in willful infringement of the Turbo Style Patents and Turbo Style is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

27.     Upon information and belief, Doe Defendants make, use, sell, import, offer for sale, and/or distribute the Accused Products in the United States which copy the trade dress of Turbo Style's CARLASHES Products.

28.     Doe Defendants are in direct competition with Turbo Style and Doe Defendants' Accused Products are substantially identical to Turbo Style's CARLASHES Products.  Doe Defendants' and Turbo Style's products are marketed through identical channels of trade and to identical consumers.

29.     In view of the above, it is clear that Doe Defendants' use of confusingly similar product designs are likely to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or association of Doe Defendants with Turbo Style's CARLASHES Products.

30.     Upon information and belief, Doe Defendants have purposefully copied Turbo Style's CARLASHES Products' trade dress to unlawfully benefit from Turbo Style's goodwill in the marketplace.

31.     Turbo Style has been, and continues to be, significantly damaged by Doe Defendants' actions.  So long as Doe Defendants continue performing the unlawful and improper actions described in this Complaint, Turbo Style will continue to suffer irreparable harm that will not be fully compensable by money damages.

## FIRST CAUSE OF ACTION
(PATENT INFRINGEMENT OF THE TURBO STYLE PATENTS UNDER 35 U.S.C. § 271)

32.     Plaintiff hereby incorporates by reference each and every preceding allegation of this Complaint as if set forth fully herein.

33.     Turbo Style owns the Turbo Style Patents.

34. Defendants make, use, sell, offer for sale, and/or import into the United States automobile accessories that directly infringe the Turbo Style Patents.

35. At no time has Turbo Style granted Defendants permission, license, or authorization to use the designs claimed in the Turbo Style Patents.

36. Upon information and belief, Defendants' infringing activities have damaged Turbo Style in an amount to be proven at trial. Among other remedies, Turbo Style is entitled to its lost profits or, in the alternative a reasonable royalty to adequately compensate Turbo Style for Defendants' infringing activities under 35 U.S.C. §§ 284 and 289. Additionally, the harm to Turbo Style arising from these acts by Defendants is not fully compensable by money damages. Turbo Style has suffered and continues to suffer irreparable harm that has no adequate remedy at law and that will continue unless this infringing conduct by Defendants is preliminarily and permanently enjoined.

37. Upon information and belief, Defendants acted in an objectively reckless manner with respect to Turbo Style's patent rights. Upon information and belief, Defendants made, used, sold, offered for sale and/or imported into the United States their infringing automobile accessories knowing that it was highly likely that their acts would constitute infringement of a valid patent. Defendants knew, or should have known, that their actions were highly likely to result in the infringement of a valid patent. As a consequence, Defendants have engaged in willful infringement of the Turbo Style Patents and Turbo Style is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

## SECOND CAUSE OF ACTION
### (TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION, 15 U.S.C. § 1125(A) AND COMMON LAW)

38. Turbo Style hereby incorporates by this reference each and every preceding allegation as if set forth fully herein.

39. The trade dress design features associated with the Turbo Style CARLASHES Products are indicative of Turbo Style and its automobile accessories, are inherently distinctive, and have acquired secondary meaning with the consuming public.

40. Defendants' Accused Products use design features that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, association, origin, sponsorship, or approval of their goods and commercial activities in light of Turbo Style's trade dress.

41. By engaging in these activities, Defendants have infringed Turbo Style's trade dress and are liable for unfair competition under 15 U.S.C. § 1125(a)(1)(A) and under the common law.

42. Turbo Style has suffered actual damages as a result of Defendants' trade dress infringement and unfair competition in an amount to be proven at trial. Additionally, the harm to Turbo Style arising from Defendants' acts is not fully compensable by money damages. Turbo Style has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless Defendants' conduct is preliminarily and permanently enjoined.

43. Defendants' continued use of Turbo Style's trade dress is willful and intentional. As a result, Turbo Style is further entitled to treble damages and an award of costs and attorneys' fees pursuant to 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION
(UNFAIR COMPETITION, UTAH CODE ANN. §§13-5A-102, 103 AND UTAH COMMON LAW)

44. Turbo Style hereby incorporates by this reference each and every preceding allegation as if set forth fully herein.

45. Turbo Style owns the Turbo Style Patents.

46. Defendants have engaged in unfair methods of competition by infringing the Turbo Style Patents and copying the CARLASHES Products.

47. Defendants make, use, sell, offer for sale, and/or import into the United States automobile accessories that infringe the Turbo Style Patents.

48. Defendants have engaged in unfair methods of competition by infringing and copying Turbo Style's trade dress.

49. Upon information and belief, Turbo Style has been injured by Defendants' infringing acts.

50. By engaging in the above-described activities, Defendants have engaged in unfair competition under Utah Code Ann. §§13-5a-102, 103 and under Utah common law.

51. Turbo Style has suffered actual damages as a result of unfair business practices by Defendants in an amount to be proven at trial. Additionally, the harm to Turbo Style arising from these acts by Defendants is not fully compensable by money damages. Turbo Style has suffered, and continues to suffer irreparable harm that has no adequate remedy at law and that will continue unless this unfair conduct by Defendants is preliminarily and permanently enjoined. Furthermore, Turbo Style is entitled to its attorneys' fees and costs.

## FORTH CAUSE OF ACTION
### (UNJUST ENRICHMENT UNDER UTAH COMMON LAW)

52. Turbo Style hereby incorporates by this reference each and every preceding allegation as if set forth fully herein.

53. Defendants have benefited from the improper, unfair, and unauthorized use of the Turbo Style Patents as alleged herein.

54. Defendants knew, or should have known, that their actions were improper and fully appreciated the benefits received as a result of their improper actions.

55. Defendants would be unjustly enriched if they were permitted to retain the benefits obtained from such actions.

56. Equity and good conscience require that Defendants be required to account for and pay to Turbo Style an amount equal to value of the benefits conferred upon the Defendants.

**WHEREFORE**, it is respectfully requested that the Court enter judgment in favor of Plaintiff as follows:

A. That the Court enter judgment that Defendants have infringed the Turbo Style Patents, literally and under the doctrine of equivalents.

B. That the Court enter judgment that the Defendants have competed unfairly pursuant to 15 U.S.C. §1125 and infringed Turbo Style's trade dress under the Lanham Act and common law.

C. That the Court enter judgment that Defendants have competed unfairly pursuant to Utah Code. Ann. §§ 13-5a-102, 103, and Utah common law.

D. That the Court enter judgment that Defendants have been unjustly enriched through Defendants' misconduct.

E. That Turbo Style recover Doe Defendant's profits resulting from its acts of infringement.

F. That Defendants be ordered to pay damages to Turbo Style, together with interest, in an amount be determined by this Court.

G. That the Court award Turbo Style treble damages.

H. That the Court award Turbo Style costs and attorneys' fees related to this action.

I. That the Court award Turbo Style prejudgment interest.

J. That Doe Defendants be ordered to deliver up for destruction any and all Accused Products in its possession, custody, or control.

K. That the Court grant preliminary and permanent injunctive relief enjoining Defendants, Defendants' officers, directors, principals, agents, servants, employees, successors and assigns, and all other aiding, abetting, or acting in concert or active participation therewith, from directly or indirectly infringing the patents and trade dress in suit, including with limitation, precluding Defendants from making, using, selling, offering for sale, or importing the Accused Products.

L. That in any injunction the Court direct Doe Defendants to file with this Court and serve on Plaintiff, within thirty (30) days after the service on Doe Defendants of the injunction, a report in writing under oath setting forth in detail the manner and form in which Doe Defendants have complied with the injunction.

M.	That Turbo Style have such other and further relief as shall seem just and proper to the Court.

DATED: December 16, 2014	THORPE NORTH & WESTERN, LLP

*/Jed H. Hansen/*
Erik S. Ericksen
Jed H. Hansen
Eric E. Westerberg

*Attorneys for Plaintiff, Turbo Style Products, LLC*