IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TURBO STYLE PRODUCTS, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 2-5; Kelly Smith dba EYELASHES4CARS.COM; and JOHN DOE 2 dba LASHESFORCARS.COM,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE<br><br><br>Case No. 2:14-CV-912 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion for Entry of Default and Motion for Acceptance of Service of Process or in the Alternative for Alternative Service. For the reasons discussed below, the Court will deny Plaintiff's Motion for Entry of Default without prejudice and will grant Plaintiff's Motion for Alternative Service.

I.  BACKGROUND

Plaintiff filed this action on December 16, 2014, asserting claims for patent infringement, trademark infringement, unfair competition, and unjust enrichment. An Amended Complaint was filed on January 7, 2015. Plaintiff now seeks entry of default. In addition, Plaintiff seeks an order accepting service of process or, in the alternative, for alternative service. Plaintiff's Motion for Acceptance of Service of Process or in the Alternative for Alternative Service details Plaintiff's unsuccessful attempts to serve Defendants.

1

II.  DISCUSSION

Pursuant to Fed. R. Civ. P. 4(e)(1), the Court may allow service of process as permitted by Utah law.  Rule 4(d)(4)(a) of the Utah Rules of Civil Procedure provides:

> Where the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, where service upon all of the individual parties is impracticable under the circumstances, or where there exists good cause to believe that the person to be served is avoiding service of process, the party seeking service of process may file a motion supported by affidavit requesting an order allowing service by publication or by some other means. The supporting affidavit shall set forth the efforts made to identify, locate or serve the party to be served, or the circumstances which make it impracticable to serve all of the individual parties.[1]
>
> Under this rule, litigants may not resort to service by publication until they have first undertaken reasonably diligent efforts to locate the party to be served.  This reasonable diligence requirement arises from constitutional due process rights and the recognition that publication alone is generally not a reliable means of informing interested parties that their rights are at issue before the court.[2]

"A determination of reasonable diligence thus properly focuses on the plaintiff's efforts to locate the defendant.  Relevant factors may include the number of potential defendants involved, the projected expense of searching for them, and the number and type of sources of available information regarding their possible whereabouts . . . ."[3]

The reasonable diligence standard does not require a plaintiff to exhaust all possibilities to locate and serve a defendant.  It does, however, require more than perfunctory performance."[4]

> The diligence to be pursued and shown by the affidavit is that which is reasonable under the circumstances and not all possible diligence which may be conceived. Nor is it that diligence which stops just short of the place where if it were continued might reasonably be expected to uncover an address or the fact of death

---

[1] Utah R. Civ. P. 4(d)(4)(A).

[2] *Jackson Constr. Co., Inc. v. Marrs*, 100 P.3d 1211, 1215 (Utah 2004).

[3] *Id.* at 1216.

[4] *Id.* at 1217 (internal quotation marks and citation omitted).

2

Case 2:14-cv-00912-TS   Document 15   Filed 04/28/15   Page 3 of 4

of the person on whom service is sought. . . . [Reasonable diligence] is that diligence which is appropriate to accomplish the end sought and which is reasonably calculated to do so. If the end sought is the address of an out-of-state defendant it encompasses those steps most likely, under the circumstances, to accomplish that result.[5]

To meet the reasonable diligence requirement, a plaintiff must take advantage of readily available sources of relevant information. A plaintiff who focuses on only one or two sources, while turning a blind eye to the existence of other available sources, falls short of this standard. In a case such as this, involving out-of-state defendants, a plaintiff might attempt to locate the defendants by checking telephone directories and public records, contacting former neighbors, or engaging in other actions suggested by the particular circumstances of the case. Advances in technology, such as the Internet, have made even nationwide searches for known individuals relatively quick and inexpensive.[6]

Having carefully reviewed Plaintiff's Motion, the Court finds that Plaintiff has undertaken reasonably diligent efforts to locate Defendants. The Court further finds that service by email is reasonably calculated to give actual notice of this action to Defendants. Therefore, the Court will grant Plaintiff's Motion for Alternative Service. As such, the Court need not consider Plaintiff's Motion for Acceptance of Service. Additionally, because Defendants have not yet been served, the Court will deny Plaintiff's Motion for Entry of Default without prejudice.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Entry of Default (Docket No. 9) is DENIED WITHOUT PREJUDICE. It is further

---

[5] *Parker v. Ross*, 217 P.2d 373, 379 (Utah 1950) (Wolfe, J., concurring).

[6] *Jackson Constr.*, 100 P.3d at 1217.

3

OREDERED that Plaintiff's Motion for Alternative Service (Docket No. 13) is GRANTED as set forth above.

Plaintiff is directed to serve Defendants via email with a copy of the Amended Compliant, summons, and a copy of this Order within thirty (30) days.

DATED this 28th day of April, 2015.

                BY THE COURT:

                _____
                Ted Stewart
                United States District Judge